UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARCUS DEWAYNE THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00089-JRS-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Marcus Thompson, an inmate at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition is **denied**.

**I. Factual and Procedural Background**

On March 22, 2012, Mr. Thompson was arrested in Weakley County, Tennessee on a Texas state warrant for failure to register as a sex offender and violation of his parole. Dkt. 7-1, at ¶ 4. He was subsequently transported to Texas to answer these charges. *Id.*, at ¶ 5. He pleaded guilty to the Texas state crime of failure to register as a sex offender, and the Texas court sentenced him to a 10-year term of imprisonment. *Id.*, at ¶ 6. On August 20, 2012, the United States District Court for the Western District of Tennessee issued a warrant for Mr. Thompson's arrest for assault on a federal officer and failure to register as a sex offender. *Id.*, at ¶ 7.

On January 16, 2014, Mr. Thompson pleaded guilty to both federal charges, and the district court sentenced him to a 77-month term of imprisonment for each count, to be served concurrently with each other and with his Texas state sentence. *Id.*, at ¶ 9. Mr. Thompson was then returned to

Texas state custody, where he remained until March 23, 2018, when his ten-year Texas state sentence was discharged. *Id.* At that point, Mr. Thompson was transferred to federal custody to continue serving his federal sentences, which had begun to run on the date they were imposed: January 16, 2014. *Id.* at ¶¶ 10–11.

On February 19, 2019, Mr. Thompson filed a petition for a writ of habeas corpus arguing that his federal sentence should have begun to run "on the date in which he was apprehended"—March 22, 2012. Dkt. 1-2 at 2. He also asserts that he should receive "additional 'Good Time' under the First Step Act of 2018" and concluded by requesting "immediate release[.]" *Id.* 3. The respondent responded to the petition and Mr. Thompson has not replied. The petition is now ripe for ruling.

## II. Discussion

The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). In support of his habeas petition, Mr. Thompson asserts that his sentence has been incorrectly calculated and that he is entitled to good time credit toward his sentence under the First Step Act of 2018. The respondent has responded, arguing that Mr. Thompson has failed to exhaust his administrative remedies on these claims, that his sentence has been properly calculated, and that Mr. Thompson has failed to raise a claim under the First Step Act.

A. *Exhaustion of Administrative Remedies*

The respondent first argues that Mr. Thompson's petition must be dismissed because he failed to exhaust his administrative remedies. Although "[t]he exhaustion requirement of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), does not apply to habeas actions, *Walker v. O'Brien*, 216 F.3d 626, 633–37 (7th Cir. 2000), exhaustion of administrative remedies

is still required. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not.").

The respondent contends that Mr. Thompson has "never submitted any administrative remedy requests" related to his claims. Dkt. 7 at 1. By failing to file a reply in support of his habeas petition, Mr. Thompson has not rebutted this contention. Thus, because he is deemed to have failed to exhaust his administrative remedies, his petition for a writ of habeas corpus must be dismissed.

However, it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Thompson's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

B. *Calculation of Mr. Thompson's Sentence*

Mr. Thompson contends that his sentence should have started on the date he was arrested in Tennessee, March 22, 2012.

The Attorney General, acting through the Bureau of Prisons (BOP), is responsible for administering and calculating the sentences of federal inmates, including credit time. *United States v. Wilson*, 503 U.S. 329, 333–34 (1992); 28 C.F.R. § 0.96. The BOP has promulgated a Sentence Computation Manual (SCM) to provide guidance in this process. BOP Program Statement (PS) 5880.28, Sentence Computation Manual (July 20, 1999) available at https://www.bop.gov/policy/progstat/5880_028.pdf. The SCM provides that a federal sentence cannot commence "earlier than the date on which it is imposed." *Id.* at 33; *see also Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.

1980) ("[S]entences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). Accordingly, Mr. Thompson's federal sentence could not begin to run on March 22, 2012, because it was not imposed until January 16, 2014.

To the extent that Mr. Thompson can be understood to argue that he should have received credit toward his federal sentence for the time he spent in custody between March 22, 2012, and January 15, 2014, under 18 U.S.C. § 3585(b), "a defendant [can]not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The Seventh Circuit has likewise made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Grigsby v. Bledsoe*, 223 Fed. Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Grigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. 223 Fed.Appx at 489.

Here, Mr. Thompson already received credit on his Texas state sentence for the time he spent in custody between March 22, 2012 and January 15, 2014. Dkt. 7-1, ¶ 12. He therefore cannot receive credit toward his federal sentence for that time.

C. *First Step Act*

Finally, Mr. Thompson presents a brief contention that he is entitled to good time credit under the First Step Act of 2018.

The First Step Act amended 18 U.S.C. § 3624(b)(1) to change the manner in which good-time credits are calculated. *See* Pub. L. No. 115-391, § 102(b), 132 Stat. 5194, 5210-13. Congress

explicitly stated that these amendments are to take effect "beginning on the date that the Attorney General completes and releases the risk and needs assessment system." *Id.* at 5213. The timeline Congress gave for developing and releasing the risk and needs assessment system was "[n]ot later than 210 days after the date of enactment" of the First Step Act. *See id.* § 101(a), 132 Stat. at 5196. "Therefore, the change in calculation of good-time credit will not take effect until approximately July 2019." *United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, *1 (E.D. Wis. Apr. 11, 2019).

In other words, the good-time credit amendments in the First Step Act are not yet effective. *See e.g.*, *id.*, *Matthews v. Williams*, No. 4:19CV518, 2019 WL 1639776, *1-2 (N.D. Ohio Apr. 16, 2019) (collecting cases that denied habeas relief because the court concluded either the petitioner failed to exhaust administrative remedies, or the First Step Act is not yet effective, or both reasons warranted the denial of relief); *United States v. Scouten*, No. 13-CR-20S, 2019 WL 1596881, *1 (W.D.N.Y. Apr. 15, 2019); *Sheppard v. Quintana*, No. 5:19-084-DCR, 2019 WL 1103391, *2 (E.D. Ky. March 8, 2019). Because these amendments are not yet effective, Mr. Thompson is not entitled to relief on his claim under the First Step Act.

### III. Conclusion

For the foregoing reasons, Mr. Thompson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/7/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS DEWAYNE THOMPSON
25370-076
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov